UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK,<br>    Plaintiff, | Case No. 1:24-cv-108<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| MAHMOUD ALILI, et al.,<br>    Defendants. | REPORT AND<br>RECOMMENDATION |

This matter is before the Court on plaintiff American Express National Bank's motion to remand this matter to state court under 28 U.S.C. § 1447(c) (Doc. 11), to which defendant Mahmoud Alili has not responded. For the reasons that follow, the Court should grant the motion to remand.

I. Background

Plaintiff American Express National Bank initiated a breach of contract action in the Court of Common Pleas in Hamilton County, Ohio, alleging that defendant Mahmoud Alili and Stars Wireless and Smoke Shop LLC failed to comply with the terms of a credit card account and pay the $3,591.38 balance owing on the account. (Doc. 2).[1] Defendant Alili filed an answer denying the allegations of the complaint. (Doc. 3). He also filed a counterclaim seeking $1.25 million in damages alleging claims under Ohio law, the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (*Id.*).

Thereafter, defendant Alili filed a pro se notice of removal of the state court action in this federal court alleging federal jurisdiction over the matter based on federal law and diversity of

---

[1] Under Ohio law, "credit card agreements are legally binding contracts and a bank's issuance of the card and a defendant's use of the card creates a binding contract." *Am. Express Travel Related Servs. v. Silverman*, No. 06AP-338, 2006 WL 3491741 (Ohio Ct. App. Dec. 5, 2006).

citizenship.  (Doc. 1).   Plaintiff now seeks a remand of this action to state court, alleging the federal court lacks subjection matter jurisdiction over the action.   (Doc. 11).

I. **Law and Analysis**

If a defendant removes an action filed in state court to federal court under 28 U.S.C. § 1441(a), "the federal court has jurisdiction only if it would have had original jurisdiction over the action."  *Total Quality Logistics, LLC v. Summit Logistics Group, LLC*, 606 F. Supp. 3d 743, 747 (S.D. Ohio 2022).   Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).   The defendant bears the burden of showing that removal is proper and the federal court has original jurisdiction to hear the case.  *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996); *Total Quality Logistics, LLC v. James*, 630 F. Supp. 3d 902, 904-05 (S.D. Ohio 2022).   Because removal raises significant federalism concerns, courts strictly construe the removal statute and "resolve doubts in favor of remand." *James*, 630 F. Supp. 3d at 904.   *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *Summit Logistics*, 606 F. Supp. 3d at 747.

II. **Federal Question Jurisdiction**

Defendant Alili first bases his removal of the state court action on the Court's federal question jurisdiction.  (Doc. 1 at PAGEID 2).   He alleges the counterclaim he filed raises claims under federal law and supports removal to this federal court.  (*Id.*).

The Court cannot discern a basis for federal question jurisdiction in this matter.   Federal

2

district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine if an action "arises under" federal law for purposes of removal, the "well-pleaded complaint rule" dictates that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar*, 482 U.S. at 392). *See also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). As master of its own complaint, "the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action," *Loftis*, 342 F.3d at 515 (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994)), and the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392.

In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

Likewise, "it is well settled that federal counterclaims . . . are 'inadequate to confer federal jurisdiction.'" *Chase Manhattan Mortg. Corp.*, 507 F.3d at 914-15 (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counter-claim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.")).

Defendant Alili has failed to establish this Court has original federal question jurisdiction over this case. The state court complaint does not show this case arises under the Constitution or laws of the United States. Rather, the complaint raises solely a state law claim of breach of contract. Defendant Alili contends his counterclaim arises under federal law, but the existence of a counterclaim or defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914-15. Therefore, defendant Alili has failed to meet his burden of showing federal question jurisdiction to support removal of this matter.

## IV. Diversity Jurisdiction

Defendant Alili also alleges removal is proper based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. Removal based on diversity of citizenship is proper only where the defendants are not citizens of the forum state. The removal statute provides that a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914; *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Because defendant Alili

is an Ohio citizen, removal on the basis of diversity jurisdiction is barred under § 1441(b)(2).

Accordingly, the Court lacks federal subject matter jurisdiction over this case for purposes of removal.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff American Express National Bank's motion to remand this matter to state court under 28 U.S.C. § 1447(c) (Doc. 11) be **GRANTED,** and this matter be remanded to the Court of Common Pleas in Butler County, Ohio.

Date: 1/7/2025

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK,<br>    Plaintiff, | Case No. 1:24-cv-108<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| MAHMOUD ALILI, et al.,<br>    Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).