IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| American Express National Bank, | : | Case No. 1:24-cv-108 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Mahmoud Alili, | : | **Order Adopting with Modification** |
| | : | **Report and Recommendation and** |
| Defendant. | : | **Granting Motion to Remand** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation that Plaintiff American Express National Bank's Motion to Remand this matter to the Municipal Court in Hamilton County, Ohio be granted.[1] (Doc. 15.) The parties did not object to the Report and Recommendation.

Plaintiff American Express National Bank initiated a breach of contract action in the Municipal Court in Hamilton County, Ohio alleging that Mahmoud Alili failed to comply with the terms of a credit card account and pay the $3,591.38 balance owning on the account. (Doc. 2.) Defendant Alili filed an answer and a counterclaim seeking damages of $1,250,000 and alleging claims under Ohio law, the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (Doc. 3.)

Alili then filed a Notice of Removal to federal Court alleging federal jurisdiction based on federal law and diversity of citizenship. (Doc. 1.) Plaintiff filed a Motion to Remand this

---

[1] The Magistrate Judge recommended remanding this action to the Court of Common Pleas in Butler County, Ohio. (Doc. 15 at PageID 71.) This was likely a clerical mistake as Mahmoud Alili is party to several related actions pending in this court with similar facts. *See Alili v. Am. Express Co.*, No. 1:24-cv-101 (S.D. Ohio); *Am. Express Nat'l Bank v. Alili*, No. 1:24-cv-104 (S.D. Ohio); *Am. Express Nat'l Bank v. Alili*, No. 1:24-cv-105 (S.D. Ohio); *Am. Express Nat'l Bank v. Alili*, No. 1:24-cv-106 (S.D. Ohio); *Am. Express Nat'l Bank v. Alili*, 1:24-cv-107 (S.D. Ohio); *Am. Express Nat'l Bank v. Alili*, No. 24-cv-108 (S.D. Ohio). Plaintiff moved to remand the case to Hamilton County Municipal Court, where it originated. (Doc. 11.) Thus, the Court **ADOPTS WITH MODIFICATION** the Report and Recommendation and will remand this case to the Municipal Court in Hamilton County, Ohio, not the Court of Common Pleas in Butler County, Ohio.

action back to state court based on lack of federal jurisdiction.  (Doc. 11.)  Defendant Alili did not respond to the Motion to Remand or file Objections to the Magistrate Judge's Report and Recommendation.

Title 28 U.S.C § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions and prisoner petitions challenging conditions of confinement.  Parties then have fourteen days to make file and serve specific written objections to the report and recommendation.  28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

The Court agrees with the well-reasoned Report and Recommendation that remand is appropriate due to lack of jurisdiction.  Plaintiff sued Defendant for breach of contract in the amount of $3,591.38 in the Municipal Court in Hamilton County, Ohio.  (Doc. 2.)  The Complaint does not provide a basis for the Court to exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332.  Defendant filed Counterclaims against Plaintiff, including claims arising under the United States Code, and prayed for relief in an amount greater than $75,000.  (Doc. 3.)  However, "it is well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914–915 (6th Cir. 2007) (internal quotation and citation omitted).  Also, removal was inappropriate based on diversity jurisdiction because Alili resides in Ohio.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought.") Because this Court lacks subject matter jurisdiction over this action, remand is appropriate.

The Report and Recommendation (Doc. 15) is **ADOPTED WITH MODIFICATION**, and Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**.  The Clerk of Court is **ORDERED** to remand this action to the Municipal Court in Hamilton County, Ohio.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge